# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Michael Ackerman, ) | Case No. 2:19-cv-1811-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Kristin Graziano, in her official capacity ) | |
| as Sheriff for Charleston County, and ) | |
| J. Al Cannon, Jr., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 58) recommending that Defendants' motion for summary judgment be granted and Plaintiff's motion to amend be denied. For the reasons set forth below, the Court adopts the R&R as the order of the Court, denies Plaintiff's motion to amend, and grants Defendants' motion for summary judgment.

## I.    Background

Plaintiff began working for the Charleston County Sheriff's Office ("CCSO") around October 9, 2010. On September 8, 2014, Plaintiff and a colleague responded to a call during which a suspect opened fire on the officers, killing Plaintiff's colleague and injuring Plaintiff. Plaintiff returned fire, killing the suspect. After the incident, Plaintiff began to suffer from post-traumatic stress disorder and was out of work recovering from September 8, 2014 through November 24, 2014. As explained at length in the R&R, after he returned to work, Plaintiff alleges he was discriminated against, *inter alia*, on the basis of his PTSD. On May 11, 2018, after being put on

administrative leave for reasons unbeknownst to him, Plaintiff resigned from the CCSO and accepted a position as an investigator at a law firm. (Dkt. No. 58 at 1-12).[1]

Plaintiff brings this action alleging discrimination, failure to promote, failure to accommodate, and retaliation in violation of the Americans with Disability Act ("ADA") against Defendants Sheriff Cannon and Sheriff Kristin Graziano, who became the elected sheriff for Charleston County in January 2021. *See* (Dkt. No. 19) (granting parties' joint consent motion to substitute party).

On December 15, 2021, Defendants moved for summary judgment. (Dkt. Nos. 38, 51). On February 17, 2022, Plaintiff filed a response in opposition, in which he abandoned his failure to promote and failure to accommodate claims. (Dkt. No. 45 at 1 n.1).

On February 21, 2022, Plaintiff filed a motion to amend the complaint/correct the Plaintiff's response in opposition to the Defendants' motion for summary judgment. (Dkt. Nos. 48, 55). Defendants oppose Plaintiff's motion. (Dkt. No. 52).

On March 22, 2022, the Magistrate Judge filed an R&R recommending that Plaintiff's motion to amend be denied and that Defendants' motion for summary judgment be granted. (Dkt. No. 58). Plaintiff filed objections, (Dkt. No 63), to which Defendants filed a reply, (Dkt. No. 64).

II. **Legal Standards**

    a. **Fed. R. Civ. P. 56(a)**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions

---

[1] In his objections, Plaintiff did not contest the facts of this case as presented in the R&R. *See generally* (Dkt. No. 63); R&R, (Dkt. No. 58 at 1-13). In reviewing the R&R and Plaintiff's objections, the Court adopts the factual findings of the R&R as its own.

of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### b. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the R&R is reviewed de novo.

**III.     Discussion**

In the R&R, the Magistrate Judge first addressed Plaintiff's motion to amend. The Magistrate Judge noted that nearly two years after the deadline for amending pleadings—and only after responding in opposition to Defendants' motion for summary judgment—Plaintiff moved for leave to add a claim under the Rehabilitation Act. Plaintiff argued that good cause existed because of Defendants' "gamesmanship" and "misleading litigation tactics." (Dkt. No. 48 at 3); *see also* Plaintiff Objections, (Dkt. No. 63 at 3-4) (repeating identical arguments). Plaintiff argues that he was "under the impression" that Defendants waived Eleventh Amendment immunity because of their participation in this lawsuit. (Dkt No. 58 at 14); (Dkt. No. 48 at 4). Plaintiff does not dispute, however, that Defendants asserted Eleventh Amendment immunity in this case on September 19, 2019. Answer, (Dkt. No. 5 at 16) (Sheriff Cannon asserting the immunity); (Dkt. No. 11 at 4) (asserting the immunity in Local Rule 26.03 interrogatories); *see also* Plaintiff Objections, (Dkt. No. 63 at 4) (arguing the assertions of immunity were "buried" in Defendants' Answer but nowhere disputing the Answer unambiguously asserted Plaintiff's ADA claims were barred by "Eleventh Amendment immunity").[2] The Magistrate Judge also found good cause lacking because, in moving to amend, Plaintiff admitted his Rehabilitation Act Claim was based on the "same facts, circumstances, and occurrences which have been the subject of his ADA claim." Accordingly, the Magistrate Judge reasoned that Plaintiff "knew of the underlying conduct giving rise to his Rehabilitation Act claim [since the beginning of this case] but simply failed to timely raise it." (Dkt. No. 58 at 18).

---

[2] Plaintiff further objected that Defendants should have "placed Plaintiff on notice that Defendants believed they had a dispositive defense to Plaintiff's claims." (Dkt. No. 63 at 4). By raising the defense of Eleventh Amendment immunity unambiguously in their Answer, however, Defendants did just that. (Dkt. No. 5 at 16).

When a plaintiff moves to amend his complaint after the scheduling order's deadline for amending pleadings has passed, the good cause standard in Federal Rule of Civil Procedure 16 applies. *See Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020) ("So when [the plaintiff] moved to amend his complaint, more than eight months after the scheduling order's deadline, the standard that applied was not Rule 15 but rather the 'good cause' requirement of Rule 16."); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, [Rule 16's] good cause standard must be satisfied to justify leave to amend the pleadings."). Specifically, Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "The good-cause hurdle of Rule 16(b)(4) . . . dampens Rule 15(a)(2)'s mandate to freely give leave [to amend] when justice so requires." *Moore v. Equitrans, L.P.*, 818 F. App'x 212, 218 (4th Cir. 2020) (internal citations and quotation marks omitted). Rather, the "touchstone" of Rule 16's good cause requirement is "diligence." *Faulconer*, 808 F. App'x at 152. "[I]f the movant has not been diligent in meeting the scheduling order's deadlines, then other factors - including the presence or absence of prejudice to the other party - generally will not be considered." *Id.* (citation and internal quotation marks omitted). "Instead, only diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard." *Id.* (citation omitted). "If the moving party knew of the underlying conduct giving rise to a claim but simply failed to raise it in an initial complaint, then the party cannot establish good cause under Rule 16." *Id.* (citation omitted).

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's motion to amend should be denied. As detailed in the R&R, (Dkt. No. 58 at 13-18), the Magistrate Judge correctly determined that Defendants had put Plaintiff on notice—as early as three months after the filing of this lawsuit—that they were asserting Eleventh

Amendment immunity. *See* (Dkt. No. 5 at 16). Further, the Magistrate Judge correctly noted, and Plaintiff nowhere disputes in his objections, that Plaintiff's Rehabilitation Act Claim was based on the identical conduct at issue in this litigation and that from the start Plaintiff could have alleged the claim but simply failed to do so. *See Faulconer*, 808 F. App'x at 152 (""If the moving party knew of the underlying conduct giving rise to a claim but simply failed to raise it in an initial complaint, then the party cannot establish good cause under Rule 16."). Accordingly, the Magistrate Judge correctly determined that good cause did not exist under Fed. R. Civ. P. 16 to permit late amendment. *Compare Stewart v. Coyne Textile Services*, 212 F.R.D. 494 (S.D. W. Va. 2003) (permitting late amendment where defendants did not respond to certain discovery requests until after the amendment deadline and the information needed to support amendment was contained in said responses) *with* (Dkt. No. 58 at 18) (noting "plaintiff knew of the underlying conduct giving rise to his Rehabilitation Act claim but simply failed to raise it"). To the extent Plaintiff argues that Defendants were *required* to raise the defense earlier—via a Rule 12(b)(6) or 12(c) motion—the Magistrate Judge correctly rejected the argument, noting that courts in this district routinely rule on Eleventh Amendment immunity at the summary judgment stage. *See, e.g., Hood v. Marlboro*, C/A No. 4:17-cv-03403-SAL, 2020 WL 1545630, at *5 (D.S.C. Apr. 1, 2020) (adopting R&R granting summary judgment on Eleventh Amendment immunity grounds); *Cook v. McCabe*, C/A No. 5:12-2608-RMG, 2013 WL 3552419, at *5 (D.S.C. July 11, 2013) (same); *Abebe v. Carter*, C/A No. 5:11-cv-2750-RMG, 2013 WL 623044, at *1 (D.S.C. Feb. 20, 2013) (same).

   Accordingly, the Court overrules Plaintiff's objections and denies Plaintiff's motion to amend.

As to Defendants' motion for summary judgment, the Court finds that the Magistrate Judge ably addressed the issues and correctly found that Defendants were entitled to summary judgment on Plaintiff's remaining claims. Specifically, the Magistrate Judge correctly found that Sheriff Cannon was entitled to summary judgment as the claims brought against him were in his individual capacity only—a finding Plaintiff does not object to. (Dkt. No. 58 at 19-20) (explaining that the parties, by consent, substituted Sheriff Graziano into this action on January 20, 2021 "as the successor to J. Al Cannon, Jr., in his official capacity" following Sheriff Graziano's election that same month and that Sheriff Cannon remained in this lawsuit in his individual capacity only). As to Sheriff Graziano, sued in her official capacity, the Magistrate Judge correctly found that she was entitled to summary judgment on Plaintiff's ADA claims based on Eleventh Amendment immunity. (*Id.* at 20) (noting "plaintiff does not dispute that the office of the sheriff is entitled to Eleventh Amendment immunity but again contends that Sheriff Graziano has waived his immunity by failing to file a motion to dismiss on this basis"); (*Id.* at 20-24) (finding monetary claims against state actors barred under the ADA, request for reinstatement moot given Plaintiff "unequivocally testified" he was not seeking reinstatement, and remaining declaratory relief requested either not prospective in nature or moot).

Plaintiff objected to two findings in this section of the R&R. (Dkt. No. 63 at 6-9). First, repeating arguments discussed above, Plaintiff contends that by participating in this lawsuit Defendants waived sovereign immunity. Second, Plaintiff objects that his requests for injunctive relief are not moot because "Plaintiff *could* seek re-employment at CCSO at any time." (*Id.*) (emphasis added).

The Court overrules Plaintiff's objections. As noted in the R&R, there is no requirement that a defendant assert Eleventh Amendment immunity at the motion to dismiss stage, *see* Fed. R.

Civ. P. 12(b), and courts in this district routinely rule on issues of Eleventh Amendment immunity at the summary judgment stage. *See, e.g., Hood v. Marlboro*, C/A No. 4:17-cv-03403-SAL, 2020 WL 1545630, at *5 (D.S.C. Apr. 1, 2020) (adopting R&R granting summary judgment on Eleventh Amendment immunity grounds); *Cook v. McCabe*, C/A No. 5:12-2608-RMG, 2013 WL 3552419, at *5 (D.S.C. July 11, 2013) (same); *Abebe v. Carter*, C/A No. 5:11-cv-2750-RMG, 2013 WL 623044, at *1 (D.S.C. Feb. 20, 2013) (same). Plaintiff presents no binding authority to the contrary and his objection is overruled. As to the argument Plaintiff's request for injunctive relief is not moot because Plaintiff "could" seek-employment at CCSO, the Court overrules it as well. Plaintiffs seeks injunctive relief: (1) barring Defendants from discriminating against law enforcement officers who suffer from PTSD; (2) reinstating Plaintiff with the CCSO; (3) barring Defendants from retaliating against him; and (4) a declaratory judgment that Sheriff Cannon violated the ADA. (Dkt. No. 58 at 21-22). As the Magistrate Judge noted, and as Plaintiff does not dispute in his objections, (Dkt. No. 63 at 9), Plaintiff "unequivocally testified that he is not seeking reinstatement," mooting points (2) and (3). As to point (4), the request for injunctive relief fails because, assuming Plaintiff "now seeks this declaration as to Sheriff Graziano . . . *Ex Parte Young* only permits seeking *prospective* injunctive relief and relief regarding an ongoing constitutional violation" and said relief does not fall under this exception. *See* (Dkt. No. 58 at 22-23). And, as to point (1), the Court agrees with the Magistrate Judge that this request is moot given Plaintiff's deposition testimony. Specifically, as Plaintiff testified he is not seeking reinstatement, Plaintiff has no interest in any future relief granted against Defendants. Thus, the Court overrules Plaintiff's objections to the contrary, which rely on pure speculation. *See Bolden v. S.C. Dep't of Disabilities & Special Needs*, No. 219CV01079RMGMGB, 2020 WL 3848225, at *6 (D.S.C. Mar. 2, 2020), *report and recommendation adopted,* No. CV 2:19-1079-RMG, 2020 WL 1921576 (D.S.C.

Apr. 21, 2020) (noting "it is well-established that Plaintiff cannot pursue claims for injunctive relief against Defendants where the relief 'would not redress any alleged injury' personally suffered by Plaintiff" and concluding that "without any intention of returning to [her employer], Plaintiff does not have standing to request changes to the agency's workplace policies and practices"); *Foulke v. Virginia State Police*, No. 6:12-CV-00006, 2012 WL 4356692, at *7 (W.D. Va. Sept. 24, 2012), *aff'd sub nom. Foulke v. Decker*, 538 F. App'x 353 (4th Cir. 2013) (explaining that a plaintiff "cannot rest his claim to relief on the legal rights or interests of third parties"); *Foreman v. Unnamed Officers of the Fed. Bureau of Prisons*, No. DKC-09-CV-2038, 2010 WL 4781333, at *4 (D. Md. Nov. 17, 2010) (noting that plaintiff must have a "personal stake in the outcome," in order to have standing).

## IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 58) as the order of Court, denies Plaintiff's motion to amend (Dkt. No. 48) and grants Defendants' motion for summary judgment (Dkt. No. 38). The Clerk is directed to close this action.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 23, 2022
Charleston, South Carolina

-9-